UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY DEVINE,<br><br>Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH, Secretary of Veterans Affairs and MIKE MOLINA, an individual,<br><br>Defendants. | No. 2:17-cv-02331-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants U.S. Secretary of Veterans Affairs Denis McDonough and Mike Molina's ("Molina") (collectively, "Defendants") Motion to Dismiss. (ECF No. 15.) Plaintiff Kelly Devine ("Plaintiff") opposes Defendants' motion (ECF No. 16) and Defendants have filed a reply (ECF No. 17). Having carefully considered the briefing filed by both parties, the Court hereby GRANTS Defendants' Motion to Dismiss. (ECF No. 15.)

///
///
///
///
///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was previously employed with the United States Department of Veterans Affairs ("Veterans Affairs") and seeks to obtain damages from the alleged wrongful conduct of Defendants, which includes discrimination based on gender, sexual harassment, retaliation, and wrongful termination. (ECF No. 12 at ¶ 2–3.) Plaintiff began working with Defendants in June 2014 and served as a Veterans Administration Readjustment Counselor in Fairfield, California. (*Id.* at ¶¶ 10–11.) Molina was Plaintiff's supervisor and Director of the Veterans Administration office where Plaintiff was employed. (*Id.* at ¶ 5.) Molina's responsibilities included administration of programs within the office and supervision of employees. (*Id.*)

Plaintiff alleges Molina "presented an unwanted and unwelcome sexual interest in [her]" from the beginning of her employment, which made her "feel intimidated." (*Id.* at ¶ 11.) Between June 2014 and June 2016, Plaintiff alleges she was subjected to ongoing sexual harassment from Molina. (*Id.* at ¶ 12.) Molina's conduct included sexually suggestive messages, inviting Plaintiff to go to lunch and coffee with him to the exclusion of other staff, cornering Plaintiff and discussing sexual topics with her, implying he could offer Plaintiff better employment opportunities if she was sexually complicit, and viewing pornography at the workplace in Plaintiff's presence. (*Id.*)

Molina pressured Plaintiff to join social media accounts in order to view sexually explicit photographs, including photographs of another female employee, and he also talked negatively about other employees to Plaintiff, suggesting that she could be promoted "as he had the power to influence renewal of her employment contract." (*Id.* at ¶¶ 13–14.) Plaintiff alleges Molina was attempting to force a sexual relationship with her. (*Id.* at ¶ 15.) Molina commented on Plaintiff's appearance, clothing, and perfume, and made comments implying he wanted to see her without clothing. (*Id.*) Plaintiff states these "unwanted unwelcome and rebuffed sexual advances contributed to and created a hostile work environment." (*Id.* at ¶ 12.)

Plaintiff was informed Molina had been previously warned and disciplined, in addition to having received mandated training on sexual harassment and workplace discrimination. (*Id.* at ¶ 17.) Molina was later investigated for his inappropriate use of workplace and personal

computers, including displaying pornography at the workplace. (*Id.* at ¶ 18.) The Veterans Affairs Assistant Regional Manager asked Plaintiff to participate in this "fact finding investigation." (*Id.*) Plaintiff was subsequently interviewed, and she discussed her knowledge of Molina's alleged inappropriate use of workplace computers. (*Id.* at ¶ 19.)

Shortly after this interview, Molina informed Plaintiff he was not renewing her employment contract. (*Id.*) Plaintiff alleges her "job performance and reviews exceeded performance standards" and the "decision to terminate her employment was based on her participation" in protected U.S. Equal Employment Opportunity Commission ("EEOC") activity and her "refusal to engage in Molina's sexual advances." (*Id.* at ¶ 20.)

Plaintiff timely filed formal charges of discrimination, harassment, and reprisal against Defendants with the EEOC. (*Id.* at ¶ 9.) A final agency decision was issued on August 14, 2017.[1] (*Id.*)

On November 7, 2017, Plaintiff filed the instant suit. (ECF No. 1.) On November 5, 2019, Plaintiff filed the operative First Amended Complaint ("FAC"). (ECF No. 12.) Plaintiff seeks injunctive relief to prevent Defendants from engaging in any unlawful employment practice, damages, and attorneys' fees and costs. (*Id.* at 19.)

On December 17, 2019, Defendants filed the instant Motion to Dismiss. (ECF No. 15.) On January 9, 2020, Plaintiff filed an Opposition to Defendants' Motion. (ECF No. 16.) On January 16, 2020, Defendants filed a Reply. (ECF No. 17.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the

---

[1] Plaintiff does not note in her FAC the agency's decision, but states only that "[t]he claims were also recognized as concurrent violations of the [Fair Employment and Housing Act], California's [c]ivil [r]ights statute." (*Id.*)

complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

4

*Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

### III. ANALYSIS

Plaintiff's FAC alleges seven causes of action: (1) discrimination based on gender in violation of 42 U.S.C. §§ 2000e(2)(a)(1) and (d); (2) sexual harassment in violation of 42 U.S.C. § 2000e; (3) sexual harassment in violation of California Government Code § 12940(j); (4) retaliation in violation of 42 U.S.C. § 2000e; (5) retaliation for reporting claims of harassment in violation of California Government Code § 12940(j); (6) wrongful termination in violation of 42 U.S.C. § 2000e; and (7) sexual harassment in violation of California Civil Code § 51.9. (ECF No. 12.) Defendants move to entirely dismiss Plaintiff's California state law claims (Claims Three, Five, and Seven) and partially dismiss Plaintiff's Title VII claim against Molina (Claim Four). (ECF No. 15-1 at 2–3.)

#### A. Claims Three, Five, and Seven

In Claims Three and Five, Plaintiff alleges that Defendants "sexually harassed [her] based on her [g]ender in violation of" California Government Code § 12940(j) and Molina's "threats of retaliation were carried out and a tangible adverse employment action resulted from Plaintiff's refusal to submit to Molina's sexual demands." (ECF No. 12 at ¶¶ 48, 53, 74, 79.) As previously noted, Plaintiff alleges Defendants' decision to terminate her employment "was based on her participation in protected EEOC activity and refusal to engage in Molina's sexual advances." (*Id.* at ¶ 20.) In Claim Seven, Plaintiff alleges that Molina attempted "to force a sexual relationship

with [her] given her subordinate business role" in violation of California Civil Code § 51.9 and "based on the unequal bargaining power in the relationship between Molina and [Plaintiff]," Plaintiff "was unable to easily terminate the relationship." (*Id.* at ¶¶ 96, 99.)

Defendants argue Title VII of the Civil Rights Act of 1964 ("Title VII") preempts Plaintiff's state law claims, as "Title VII preempts all other causes of action for employment discrimination against the federal government." (ECF No. 15-1 at 2 (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 829–32, 835 (1976)).) In opposition, Plaintiff asserts these claims are not preempted because "Congress has explicitly disclaimed any intent categorically to [preempt] state law or to 'occupy the field' of employment discrimination law." (ECF No. 16 at 5 (citing 42 U.S.C. §§ 2000e–7, 2000h–4).) Plaintiff contends 42 U.S.C. §§ 2000e–7 and 2000h–4 "provide a 'reliable indicium of congressional intent with respect to state authority' to regulate employment practice" and "severely limit Title VII's [preemptive] effect." (*Id.* at 6 (citing *Malone v. White Motor Corp.*, 435 U.S. 497, 505 (1978)).)

The Court agrees with Defendants' articulation of the controlling law in the instant case. The Supreme Court has held Congress intended § 717 of Title VII (42 U.S.C. § 2000e–16) to create an "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown*, 425 U.S. at 828–29; *White v. Gen. Servs. Admin.*, 652 F.2d 913, 917 (9th Cir. 1981) (same); *see also Scott v. Perry*, 569 F.2d 1064, 1065 (9th Cir. 1978) (affirming the district court's dismissal of plaintiff's complaint alleging discrimination by the EEOC insofar as it rested upon any basis other than 42 U.S.C. § 2000e–16); *May v. McDonald*, 2015 WL 4484171, at *2 (N.D. Cal. Jul. 22, 2015) (holding Title VII preempted plaintiff's hostile work environment claim against Veterans Affairs under the California Fair Employment and Housing Act ("FEHA")); *cf. Snipes v. Wilkie*, 2019 WL 1283936, at *5 (N.D. Cal. Mar. 20, 2019) (plaintiff's privacy and IIED claims against Veterans Affairs based on the forced disclosure to her parents of her personal information were not preempted by Title VII even though this conduct was also the basis for her Title VII claims because the state law claims constitute more than discrimination).

///

When the factual predicate of a federal employee's state law claims are the same as for the employee's Title VII claims, Title VII provides the exclusive remedy. *Nolan v. Cleland*, 686 F.2d 806, 815 (9th Cir. 1982); *see also Phelps v. U.S. General Servs. Agency*, 2008 WL 4287941, at *2 (N.D. Cal. Sept. 17, 2008) (holding plaintiff's common law and FEHA claims against the United States General Services Agency set forth the same underlying facts for the discrimination claims under Title VII and were therefore precluded). The Supreme Court reasoned any other result would create a risk that § 717 "would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible." *Brown*, 425 U.S. at 833.

However, Title VII does not preclude separate remedies for claims based on "highly personal violations . . . beyond the meaning of discrimination." *Otto v. Heckler*, 781 F.2d 754 (9th Cir. 1986) (internal quotations omitted); *see also Sommatino v. U.S.*, 255 F.3d 704, 711 (9th Cir. 2001) ("Title VII remedies may be supplemented by state law tort claims when the alleged violations go beyond discrimination in the workplace and are highly personal."). The Ninth Circuit has previously recognized "highly personal" torts to include assault, invasion of privacy, intentional infliction of emotional distress, defamation, assault, and rape. *See Otto*, 781 F.2d at 756–58 (finding a highly personal violation based on plaintiff's allegations that her supervisor at the Social Security Administration made defamatory remarks about her sexuality, harassed her with phone calls, and intruded into her married life); *Brock v. United States*, 64 F.3d 1421, 1423–24 (9th Cir. 1995) (finding a highly personal violation based on plaintiff's allegation that her supervisor raped her and "Title VII is not the victim's exclusive remedy"); *Snipes*, 2019 WL 1283936, at *5 (finding a highly personal violation based on plaintiff's allegation that her superior forced her to disclose personal information to her parents).

For example, in *Arnold*, the plaintiff alleged her supervisor blocked the door preventing her from leaving the office, holding her close to his body, kissing and fondling her. 816 F.2d at 1307. The Ninth Circuit reasoned plaintiff was seeking through her state law claims to "vindicate not her right to be free from discrimination in the workplace, but rather her right to be free from 'bodily or emotional injury caused by another person.'" *Id.* at 1308, 1312–13 (citing *Otto*, 781 F.2d at 756). The court explicitly noted in such cases state law claims may supplement Title VII

remedies when "the wrong underlying [plaintiff's] Title VII claim is distinct from that underlying her state-law tort claims." *Id.* at 1212. In contrast, the Ninth Circuit in *Sommatino* found defendant's conduct — which included intentionally brushing up against plaintiff's arms, legs, and hips, and making sexually suggestive and vulgar remarks to plaintiff in the workplace — did not rise to the level of a highly personal violation. *Sommatino*, 255 F.3d at 705–706, 712. The court concluded that defendant's conduct, while highly offensive, was "typical of the offensive workplace behavior giving rise to an action to remedy a hostile work environment." *Id.* at 712. The court affirmed the district court's order finding Title VII preempted plaintiff's tort claims. *Id.*

Here, Plaintiff's state law causes of action — Claims Three, Five, and Seven — are based upon the same discriminatory and harassing employment conduct as those alleged under the Title VII claims. (ECF No. 12 at 5–18.) As the factual predicates of Plaintiff's state law claims are the same as the Title VII claims, only the Title VII remedy is available to her. *Nolan*, 686 F.2d at 815. Additionally, Plaintiff's state law claims against Veterans Affairs and Molina do not rise to "the order of magnitude of the personal violations" the Ninth Circuit has previously identified as "highly personal." *Sommatino*, 255 F.3d at 712. Furthermore, Plaintiff's allegations are more closely aligned with those described in *Sommatino* than in *Arnold*. Plaintiff alleges Molina sent her sexually suggestive messages, commented on her appearance, implied he could offer her better employment opportunities if she were sexually complicit, and viewed pornography at the workplace. (ECF No. 12 at ¶ 12.) Although the conduct is actionable as federal employment discrimination, Plaintiff has not made a showing of injuries that extend beyond workplace discrimination and fall within the scope of "highly personal violations" under Ninth Circuit precedent. Thus, Plaintiff's claims are not separately actionable and are preempted by Title VII.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Claims Three, Five, and Seven with leave to amend. The Court cannot definitively say amendment would be futile, as Plaintiff's claims involve fact-sensitive inquiries.

///

///

B.  Claim Four

In Claim Four, Plaintiff alleges Defendants' "decision to terminate her employment was retaliation and reprisal for her participation in protected EEOC activity and refusal to engage in Molina's sexual advances" in violation of 42 U.S.C. § 2000e.  (ECF No. 12 at ¶ 67.)  Defendants move to dismiss this claim against Molina, arguing the "Ninth Circuit has 'consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees.'"  (ECF No. 15 at 3 (citing *Holly D. v. California Institute of Technology*, 339 F.3d 1158, 1179 (9th Cir. 2003); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).)  Defendants also assert that "while a Title VII plaintiff may bring claims concerning federal employment against the agency head in his official capacity, she may not sue federal officials in their individual capacities."  (*Id.* (citing *White*, 652 F.2d at 916–17 n.4.)

Plaintiff concedes this point in her reply and notes that she "will dismiss the Title VII cause of action against Mike Molina." (ECF No. 16 at 6.)  In light of Plaintiff's non-opposition, the Court GRANTS Defendants' Motion to Dismiss Claim Four against Molina without leave to amend.  The Court explicitly notes here that while it dismisses Plaintiff's retaliation claim against Molina, the retaliation claim asserted under 42 U.S.C. § 2000e against the Secretary of Veterans Affairs will still stand.

**IV.  CONCLUSION**

The Court hereby GRANTS Defendants' Motion to Dismiss (ECF No. 15) as follows:

1. Defendants' Motion to Dismiss Plaintiff's Claims Three, Five, and Seven is GRANTED with leave to amend; and
2. Defendants' Motion to Dismiss Plaintiff's Claim Four is GRANTED without leave to amend.

Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.  Defendants are afforded twenty-one (21) days from the date Plaintiff files an amended complaint to file a responsive pleading.

IT IS SO ORDERED.

DATED: February 19, 2021

_____
Troy L. Nunley
United States District Judge